IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONICA O. LORD NWEVO | § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-08-CV-0587-D |
| CITY OF AUSTIN GANGS | § § | |
| Defendant. | § § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is an unspecified civil action brought by Monica O. Lord Nwevo, a resident of Austin, Texas, against a "Union Labor Gang" affiliated with various police agencies. On April 4, 2008, plaintiff tendered a one-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

Although the precise nature of her complaint is difficult to decipher, it appears that plaintiff seeks redress in connection with secret surveillance devices installed in her home by gang members

acting on behalf of the police. According to plaintiff, "[t]he gangs shoot gas or cathrode [sic] at me while I am sleep which makes me sick." (Plf. Compl. at 1). Plaintiff also believes that the police are monitoring her telephone because she is a member of the Republican Party.

A.

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *Neitzke*, 109 S.Ct. at 1831. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

B.

Plaintiff does not present a logical set of facts to support any claim for relief. Instead, her complaint recites fantastic charges which are fanciful and delusional in nature. Dismissal is clearly warranted under these circumstances. *See, e.g. Jackson v. Johnson*, No. 3-05-CV-1230-H, 2005 WL 1521495 (N.D. Tex. Jun. 27, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 1668084 (N.D. Tex. Jul. 13, 2005) (dismissing complaint alleging that FBI conspired with local and state police to invade plaintiff's privacy through "highly sophisticated surveillance techniques, computerized mind control, and satellite weaponry"), *Johnson v. Drug Enforcement Agency*, No. 3-04-CV-0410-G, 2004 WL 813214 (N.D. Tex. Apr. 14, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 948265 (N.D. Tex. May 3, 2004) (dismissing complaint alleging that DEA implanted a radio transmitter beneath plaintiff's scalp

and forced him to ingest various chemical and sleep-inducing drugs); *Daniel v. FBI*, No. 3-03-CV-1281-N, 2003 WL 21436479 (N.D. Tex. Jun. 17, 2003) (Kaplan, J.), *rec. adopted*, 2003 WL 21555130 (N.D. Tex. Jul. 8, 2003) (dismissing complaint alleging that FBI stalked, harassed, and tried to poison plaintiff because she ran as a write-in candidate for President of the United States); *Decker v. Fleming*, No. 3-02-CV-2075-P, 2002 WL 31548766 (N.D. Tex. Nov. 2, 2002) (Kaplan, J.) (dismissing complaint alleging that federal prison officials opened-up plaintiff's mind "where they could listen to my thinking in Psychology Dept.").

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 8, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE